(Not for Publication)                                              (Docket Entry No. 30)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                          :
MAUREEN THOMPSON, as                      :
Administratrix ad Prosequendum            :
of the Estate of Howard van               :    Civil No. 06-2801 (RBK)
Winkle and Maureen Thompson,              :
individually,                             :    **OPINION**
                                          :
            Plaintiff,                    :
        v.                                :
                                          :
SOUTH BAY SEAFOOD, et al.,                :
                                          :
            Defendants.                   :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion for partial summary judgment by Defendant South Bay Seafood, seeking to dismiss Plaintiff Maureen Thompson's claims for lost future income and loss of society. For the reasons below, South Bay Seafood's motion will be granted.

**I.    Background**

Howard Van Winkle, the plaintiff's husband, was a seaman who worked as a commercial fisherman aboard the "Susan Marie" for Defendant South Bay Seafood. On or about July 3, 2005, while working on the "Susan Marie," Mr. Van Winkle picked up a large rock while sorting scallops and tried to throw the rock over the side of the boat, crushing his thumb between the rock and the side of the boat. Mr. Van Winkle committed suicide on January 11, 2006. Ms. Thompson claims that the dredger that picked up the rock was unsafe and that South Bay

Seafood, through its negligence, failed to maintain a seaworthy vessel.

On June 21, 2006, Ms. Thompson filed this suit, individually and as administratrix of the estate of Howard Van Winkle, under admiralty laws as modified by the Jones Act, 46 U.S.C. § 30104.  Ms. Thompson's claims include loss of society and lost future wages of her husband.  On December 19, 2007, South Bay Seafood filed the motion for partial summary judgment now before the Court.  Ms. Thompson opposes South Bay Seafood's motion.

## II.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  Celotex, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

**III.    Discussion**

The parties agree on the material facts. They disagree as to whether, under these facts, Ms. Thompson may recover damages for lost future wages and loss of society.

**A.  Lost future wages**

In Miles v. Apex Marine Corp., the Supreme Court held that lost future wages are not recoverable in a general maritime survival action. See 498 U.S. 19, 37 (1990). The Court noted that the Jones Act survival provision does not allow for recovery of lost future wages. See id. at 36. Ms. Thompson cites Evans v. United Arab Shipping Co., 790 F. Supp. 516 (D.N.J. 1992), arguing that a plaintiff in a Jones Act case may recover for loss of future earnings. Evans, however, involved a suit brought by the seaman himself, not a survival action. Id. at 519. Furthermore, Ms. Thompson argues that the court in Palischak v. Allied Signal Aerospace Co., 893 F. Supp. 341 (D.N.J. 1995), recognized that Miles addressed only damages recoverable in wrongful death actions, not damages recoverable in survival actions. While the Miles Court did not specifically decide whether a general maritime survival right existed, the Court clearly stated that if such a right existed, the seaman's estate could not recover lost future wages. See 498 U.S. at 34, 37. Therefore, Ms. Thompson may not recover lost future wages either under the Jones Act or under general maritime law.

**B.  Loss of society**

The Supreme Court has held that loss of society is not recoverable in a wrongful death action brought under the Jones Act or under general maritime law. See Miles, 498 U.S. at 32-33.

Ms. Thompson argues that this case is factually distinguishable from Miles, where the plaintiff, the decedent's mother, was not financially dependent on the decedent. See id. at 22. Ms. Thompson, by contrast, claims that she was financially dependent on her husband, Mr. Van Winkle.

The Miles Court did not limit its holding to wrongful death cases brought by non-financially dependent parents of deceased seamen. Further, courts extending Miles to personal injury actions have not distinguished between claims brought by parents and claims brought by spouses. See, e.g., Horsely v. Mobil Oil Corp., 15 F.3d 200, 203 (1st Cir. 1994) (finding that neither parental nor spousal loss of society is recoverable under Jones Act); Smith v. Trinidad Corp., 992 F.2d 996, 996 (9th Cir. 1993) (holding that wives of injured seamen may not recover damages for loss of society under Jones Act or general maritime law); Murray v. Anthony J. Bertucci Const. Co., 958 F.2d 127, 131-32 (5th Cir. 1992) (finding neither spouse nor children of injured seaman may recover for loss of society under general maritime law). Therefore, the Court holds that Ms. Thompson may not recover for loss of society.

IV.  CONCLUSION

Based on the foregoing reasoning, the Court grants South Bay Seafood's motion for partial summary judgment. An accompanying Order shall issue today.


Dated:   8-29-08                                         /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge